# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAWANDA LEE<br>*Individually and on behalf of all others similarly situated* | : : : : | Case No: |
| Plaintiff, | : : | **COLLECTIVE ACTION COMPLAINT** |
| v. | : : | |
| C.A.R.E. (CONSULTING AND ADVICE FOR THE RETIRED AND ELDERLY), INC. | : : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

## COLLECTIVE ACTION COMPLAINT

By and through undersigned counsel, Plaintiff Shawanda Lee, individually and on behalf of all others similarly situated, hereby brings this Collective Action to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. The subject matter jurisdiction of the Court is invoked pursuant 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue lies in in this District pursuant to 28 U.S.C. § 1391 because the Defendant is incorporated in this District and subject to personal jurisdiction in this District.

## PARTIES

3. Plaintiff Shawanda Lee is an adult resident of Franklinton, Louisiana who has worked at Care, Inc. for approximately ten years. Ms. Lee has consented to filing the instant action. (Exhibit "A")

4. Defendant C.A.R.E. (Consulting and Advice for the Retired and Elderly), Inc., (hereinafter "Care") is a Louisiana corporation with its principal office located at 1500 J. W. Davis Dr., Hammond, LA 70403. Care is, according to their website (careinc.com), "one of Louisiana's oldest and largest premium in-home care service providers for the elderly and developmentally disabled" in the United States. Care operates across the state of Louisiana, with its four primary offices located in Hammond, LaPlace, Covington, and Baton Rouge.

## STATEMENT OF FACTS

5. In early January 2020, China identified a novel coronavirus, commonly referred to as Covid-19. By January 31, 2020 the World Health

Organization had declared a global health emergency. The same day, the United States declared a nationwide public health emergency. By March, in an effort to slow the spread of the deadly virus, many local and state governments implemented lockdowns and strict social distancing requirements. Businesses that could transitioned to virtual work, and many Americans found themselves working from home, under orders not to interact with anyone outside of their household.

6. However, since certain labor is essential to the basic functioning of society, including in the industries of healthcare, food, and safety, many of these industry workers had no choice but to continue to work in person, as normal. Due to the highly contagious, interpersonal nature of the spread of Covid-19 and the, at-the-time, limited supply of masks and other PPE, these "frontline workers" faced hazardous working conditions by virtue of simply having to regularly interact with other potentially infected individuals.

7. Health care workers were one category of frontline workers deemed essential workers by the U.S. government. A number of healthcare agencies, including Care, introduced intermittent hazard premiums during this time, recognizing that these frontline workers were exposing themselves to danger each time they showed up at work to provide care for some of the nation's most vulnerable individuals.

8. Care instituted an intermittent Hazard Bonus of $250, paid multiple

times in 2020 during the pandemic and distributed as an additional paystub to the employees' normal pay stub for the pay period in which it was issued.

9. Plaintiff and those similarly situated were eligible for and did receive the Hazard Bonus on various occasions as authorized by Care.

10. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

11. Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid overtime for those hours but a rate that, during pay periods in which the bonuses were paid, does not include the Hazard Bonus.

12. For example, the pay period 5/1/20-5/15/20, shows a regular rate of $10.40 and an "other time rate" of $15.60, which is one-and-one-half the stated regular rate, for overtime hours over 80 in the pay period. Plaintiff also earned, via separate pay stub, a $250 "add to gross" lump sum Hazard Bonus for the same pay period ending 5/15/20. However, the overtime, labeled "other time rate," does not account for the $250 lump sum hazard premium issued by Care.

13. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of renumeration including

"such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. §778.207(b).

14. As a result of Defendant's violations of the Fair Labor Standards Act, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COVERAGE UNDER THE FLSA

15. At all relevant times, Defendants are and have been an employer within the meaning of 29 U.S.C. §203(d).

16. At all relevant times, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

17. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

18. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all relevant times, Plaintiffs and the Collective Members are and were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

5

20. Defendants, Plaintiffs and the Collective Members used cell phones, computers, materials, supplies and medical equipment that were manufactured in or purchased and shipped from states other than Louisiana, accepted checks, credit cards, electronic payments and processed other transactions through interstate banks and financial institutions and provided its employees with paychecks by electronic deposit, all of which constitutes interstate commerce. Further, 29 U.S.C. §207(l) enumerates domestic service workers which, pursuant to 29 C.F.R. §552.3, includes home health aides like Plaintiffs and the Collective Members, as entitled to individual coverage, as such employment affects interstate commerce. 29 U.S.C. §202(a).

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FAIR LABOR STANDARDS ACT

21. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all Care employees ("Hourly Workers") who (a) were eligible for and received any lump sum hazard bonus and (b) whose overtime rates during the same pay period as the bonus did not account for their hazard pay as required by FLSA and its implementing regulations.

22. Plaintiff and Collective Action Members are "similarly situated" as that term is used 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the premium pay but such pay was not

considered a part of their regular rate for determining overtime as statutorily required.

23. Resolution of this action requires inquiry into common facts.

24. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

25. Conditional certification of this case as a collective action pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the Fair Labor Standards Act.

26. There are many similarly situated current and former Care employees who have not been paid their statutorily-required overtime rates and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

## COUNT 1
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

28. Care is an employer within the meaning of 29 U.S.C § 203(d).

29. Plaintiff is an employee within the meaning of 29 U.S.C C 203(e).

30. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of renumeration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. The Covid 19 Lumpsum Bonus instituted by Defendant does not fall into any of those exceptions. Additionally, FLSA implementing regulations make clear the regular rate of pay includes "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. §778.207(b).

31. Care failed to include the hazard premium into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this renumeration in overtime computations violates Section 7(a) of the FLSA, because Defendants' employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

32. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and all Collective Action Members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

33. As a result of Defendant's willful failure to compensate Plaintiff and the Collective Action Members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's violations of FLSA, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received during the relevant time period and the overtime they did receive during the time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

35. Plaintiff and all others similarly situated are entitled to back pay and liquidated damages in an amount equal to their back pay, as well as reasonable attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment as follows:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide to Plaintiff a list of all persons employed by them who were eligible for and did receive the $250 or other lumpsum Covid bonus and overtime hours on at least one pay check. This list shall include the last known address, email, and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate;

b. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An award of recovered backpay and an equal amount in liquidated damages;

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f. An award of prejudgment and post-judgment interest;

    g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff;

    h. Such other and further relief as this Court deems just and proper: and

    i. For trial by jury on all claims and issues raised herein.

DATED: January 13, 2022

                                      Respectfully submitted:

                                      /s/ Philip Bohrer
                                      Philip Bohrer (14089)
                                      phil@bohrerbrady.com
                                      **BOHRER BRADY, LLC**
                                      8712 Jefferson Highway, Suite B
                                      Baton Rouge, Louisiana 70809
                                      Telephone: (225) 925-5297
                                      Facsimile: (225) 231-7000

OF COUNSEL:

Nicholas A. Migliaccio (*pro hac vice* anticipated)
Jason S. Rathod (*pro hac vice* anticipated)
**MIGLIACCIO & RATHOD LLP**
412 H Street NE, 3rd Floor
Washington, DC 20002
Tel: (202) 470-3520/Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiff and the Proposed Collective*